**Edwin Arthur JONES, II,**
**Petitioner–Appellant,**

v.

**C.A. TERHUNE, Director, California Department of Corrections; G.A. Mueller, Warden, Respondents–Appellees.**

No. 01–16119.

D.C. No. CV–99–20986 JW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 15, 2002.

Decided Nov. 5, 2002.

Before KOZINSKI and McKEOWN, Circuit Judges, and FITZGERALD, District Judge.*

### MEMORANDUM**

Petitioner Edwin Jones, II, appeals the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction and affirm.

Petitioner made several arguments that his trial counsel was ineffective. Under the facts of this case, reviewed under the deferential standard mandated by 28 U.S.C. § 2254, even if counsel committed unprofessional errors, none of Petitioner's arguments establishes that there is a reasonable probability that the results of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner argues that unconstitutional limitations were placed on the presentation of defense evidence. We are bound by the state court's interpretation of its law of evidence, and must therefore accept the ruling that the evidence of the victim's aggression could be initially excluded under state law. *Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). We cannot say that this ruling was so "arbitrary" or "disproportionate to the purposes [it was] designed to serve" that it violated the constitution. *See United States v. Scheffer,* 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998). The state court's determination that applying the rule did not infringe Petitioner's privilege against self-incrimination was not contrary to, or an unreasonable application of, Supreme Court law. *See Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).

Petitioner argues that the trial court erred in refusing to instruct the jury on unreasonable self-defense. The evidence, as well as the jury's verdict of premeditation, could reasonably have been seen as inconsistent with self-defense. The district court, therefore, properly denied habeas relief on this issue. *Penry v. Johnson,* 532 U.S. 782, 792–93, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001).

Finally, Petitioner argues that the trial court erred by communicating with the jury outside the presence of Petitioner and counsel. Although the trial judge erred by not notifying counsel before communicating with the jury, the state court could reasonably have believed that error was harmless. It is not clearly established that such a minor violation could be structural error.

**AFFIRMED.**

---

* The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.